**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARISOL GONZALES,**
                    **Plaintiff,**

**-vs-**                                      **Case No. 6:06-cv-1762-Orl-28JGG**

**HAIR CLUB FOR MEN, LTD., INC.,**
                    **Defendant.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **AMENDED MOTION TO CERTIFY CLASS (Doc. No. 14)**
>
> **FILED:**      **December 5, 2006**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

**I.**     **PROCEDURAL HISTORY**

On November 15, 2006, Plaintiff Marisol Gonzales filed a "collective action" complaint on behalf of herself and "others similarly situated." Gonzales amended her complaint on November 27, 2006. Docket 7. The unverified amended complaint alleges that Defendant Hair Club for Men, Ltd., Inc. ["Hair Club"] failed to compensate her for all work at the rate of one and one-half times her regular hourly rate for work in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Docket No. 7 at ¶ 10. Gonzales alleges the FLSA was violated in two ways: first, the Hair Club failed to calculate correctly her regular hourly rate because it did not include payments for commissions and bonuses; and second, the Hair Club required Plaintiff to perform overtime work while "off the clock." *Id*. at ¶ 13. Gonzales claims that, in

addition to herself, numerous other stylists were subjected to the same overtime policies, had similar pay provisions and terms of employment and were denied overtime compensation. *Id*. at ¶ 14. Gonzales further alleges that these practices are company-wide. *Id*. at ¶ 15. Gonzales, therefore, seeks to represent the rights of other stylists who were employed by the Hair Club during the three year period of time preceding the filing of her action. *Id*.

Defendant's answer denied that there are other employees similarly situated to Gonzales. Docket 34 at ¶ 1. Defendant also denied all of the essential allegations supporting Gonzales's claim. Docket 34.

On December 5, 2006, Gonzales filed the motion now before the Court. Docket No. 14. Gonzales asks that the Court:

> (1) enter an order certifying this case as a collective action; (2) enter an order requiring Defendants [sic] to produce, within 30 days, the names and last known addresses of all "stylists" employed by the Defendant for the period beginning three years prior to the initiation of this suit to the present; and (3) enter an order authorizing Plaintiff to send notice to each such employee of this suit and seeking their consent to opt-in.

*Id.* at 5. In support of her motion, Gonzales also filed affidavits of Jeanette Wilson and John A. Rivera.[1]

The affidavits of Wilson and Rivera are largely identical. Rivera states that he was employed by the Hair Club at the Maitland, Florida office as a stylist from September of 2005 to approximately July 2006. Docket 14-3 at ¶ 4. Rivera states the Hair Club "compelled stylists to work over forty hours a week without overtime compensation," and they were subject to discipline if they failed to

---

[1] Both Wilson and Rivera have filed consent forms to join the action as party plaintiffs. Docket 14-2, Docket 21. Gonzales, however, has not filed a motion to add Wilson and Rivera as plaintiffs, and the district court has not granted leave to add parties or amend the pleadings. Wilson and Rivera presently are not named parties to this action.

keep the required hours. *Id*. at ¶ 9-10. Rivera further states that he and "several of [his] coworkers, received several directives from our supervisors pressuring and/or requiring us to work overtime to meet sales and service quotas." *Id*. at ¶ 11. Rivera asserts that he is aware of other stylists who have expressed interest in joining the lawsuit, but are afraid to do so because of potential retaliation. *Id*. at ¶ 14. Wilson was employed at the Hair Club's Maitland office from January 2006 to September 2006. Docket 20 at ¶ 4. Wilson's affidavit largely repeats the same information contained in Rivera's affidavit, but adds the allegation that she was required to work "off the clock." *Id*. at ¶ 12. Neither affidavit claims that the employees' regular hourly rate was improperly calculated.

On January 16, 2007, the Hair Club filed its memorandum in opposition in which it contends that Gonzales has not met her burden to show that the potential plaintiffs are "similarly situated" employees. Docket No. 33. The Hair Club submitted an affidavit by its Director of Human Resources, Michele C. Graves. Docket 33-2. Graves' affidavit provides the Hair Club's written policy regarding "Regular Working Hours," which states in relevant part that employees are required to complete time sheets and submit them on a daily basis, and that overtime must be approved in writing by the supervisor and recorded on the time sheet. Docket 33-2 at 3-4. Graves' affidavit further states that the Hair Club has 47 locations nationally with 753 current and former stylists. Docket 33-2 at 2. Graves states that each supervisor in each of its locations is required to adhere to the Regular Working Hours policy. Docket 33-2 at 2.

## II.     STANDARD FOR CERTIFICATION OF A COLLECTIVE ACTION

An FLSA action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees **similarly situated**." 29 U.S.C. § 216(b) (emphasis added). In order to maintain a collective action under § 216(b), the named plaintiff must establish that the potential plaintiffs are "similarly situated" employees. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567 - 68 (11th Cir. 1991).

Gonzales thus bears the burden of demonstrating that the other employees are "similarly situated." This burden is less stringent than that for joinder or for certification of a class action under Federal Rules of Civil Procedure 20(a) or 23, respectively.[2] *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). A plaintiff need only demonstrate that his or her position is "similar, not identical" to the positions held by the potential plaintiffs. *Id.* While a plaintiff's burden is not particularly strict, "unsupported allegations that FLSA violations were widespread and that additional plaintiffs" exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer, Co., Inc.,* 696 F.2d 884, 887 (11th Cir. 1983).

---

[2]The Eleventh Circuit has delineated several reasons why the "similarly situated" requirement under § 216(b) is considerably less stringent than the class action requirements under Federal Rule of Civil Procedure 23. *See, e.g., Cameron-Grant v. Maxim Healthcare Serv., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). First, under § 216(b), even if a plaintiff can demonstrate that the potential plaintiffs are "similarly situated" employees, the plaintiff has no independent right to represent such individuals. *See id.* at 1249. Instead, the potential plaintiffs must file with the district court written consent to become a party plaintiff. 29 U.S.C. § 216(b). Thus, unlike most Rule 23 class actions, a § 216(b) action does not become a collective action unless another plaintiff affirmatively chooses to opt into the class. *See Cameron-Grant*, 347 F.3d at 1249. "[I]n contrast, to Rule 23 class actions, the existence of a collective action under § 216(b) does depend on the active participation of other plaintiffs." *Id.* The difference between Rule 23 class actions and § 216(b) collective actions is therefore a "fundamental, irreconcilable difference[.]" *Id.*

The United States Court of Appeals for the Eleventh Circuit has "suggest[ed]" that district courts use a "two-tiered approach to certification of § 216(b) opt-in classes." *Hipp*, 252 F.3d at 1218-19 (11th Cir. 2001). Under this approach, the first tier is the "notice stage," in which the district court determines whether to grant "conditional certification" of a representative collective action under the FLSA. *Id.* at 1218. The Eleventh Circuit noted:

> At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential [plaintiffs]. Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class.

*Hipp*, 252 F.3d at 1218. When the district court grants conditional certification, potential plaintiffs receive notice and the opportunity to "opt-in." Under the Eleventh Circuit's recommended approach, the case thus proceeds as a collective action through the close of discovery. *Id.* After the completion of discovery, the defendant may initiate the "second tier" by filing a motion for "decertification." *Id.* At this second stage, the district court makes a factual determination as to whether the claimants are "similarly situated." *Id.* If the claimants are not similarly situated, the district court "decertifies" the group; the opt-in plaintiffs are then dismissed without prejudice; and the original "representative" plaintiff continues to trial (or otherwise) on his or her original claim. *Id.*

According to the Eleventh Circuit, the two-tiered approach is an "effective tool for district courts to use in managing these often complex cases, and we suggest that district courts in this circuit adopt it in future cases." *Id.* at 1219. The Eleventh Circuit notes, however, that "[n]othing in [the Eleventh Circuit] precedent . . . requires district courts to utilize this approach." *Id.* Indeed, the

decision to create an opt-in collective action under § 216(b) remains "soundly within the discretion of the district court." *Id.*

### III.   ANALYSIS

In this case, Gonzales seeks conditional certification of an unspecified number of potential plaintiffs under § 216(b). Docket No. 14 at 2. Gonzales has the burden of demonstrating a "reasonable basis" for crediting the assertion that aggrieved individuals exist in the proposed class. *Marsh v. Butler County School Sys.*, 242 F. Supp. 2d 1086, 1091 (M.D. Ala. 2003), *citing, Haynes*, 696 F.2d at 887. Gonzales' motion for conditional certification of the collective action, however, does not define the proposed class. The Hair Club assumes the proposed class is a company-wide class of stylists. Given the affidavits of Wilson and Rivera, which state the Hair Club employs approximately 1000 stylists throughout the United States (Docket 14-3 at ¶ 13; Docket 20 at ¶ 13), and given the amended complaint's allegation that there are company-wide policies that violate the FLSA, it appears that the proposed class is a company-wide class of stylists.

Gonzales's burden at this stage is not heavy, and may be met by "detailed allegations supported by affidavits." *Grayson*, 79 F.3d at 1097. The Hair Club argues that Wilson's and Rivera's affidavits lack sufficiently detailed allegations to support conditional certification of a company-wide collective action. The amended complaint is not sworn and does not carry any evidentiary weight.

The Court agrees that Wilson's and Rivera's affidavits do not provide sufficient facts to support conditional certification of a company-wide collective action. Neither Wilson nor Rivera claim knowledge of any alleged FLSA violations at any Hair Club location other than the Maitland office. Further, neither Wilson nor Rivera claim that the alleged FLSA violations at the Maitland

office stem from a company-wide policy or practice. Indeed, the evidence shows a company-wide policy that prohibits the type of conduct alleged by Gonzales's complaint. Gonzales's motion falls far short of showing that all Hair Club employees company-wide are similarly situated to the employees working at the Maitland office. *See, Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 363 (M.D. Ala. 1999) (affidavits from 15 employees who alleged FLSA violations and who worked at a single location of a restaurant chain failed to present evidence that FLSA violations may exist at other locations of the chain); *Robinson v. Dolgencorp, Inc.*, 2006 WL 3360944 *3-4 (M.D. Fla. Nov. 13, 2006) (affidavits by two coworkers failed to show other similarly situated employees desired to opt in where the employer had over 386,000 employees nationwide).

The Court, therefore, **DENIES WITHOUT PREJUDICE** Gonzales's motion to conditionally certify the case as a collective action and all additional relief sought by the motion.

**DONE** and **ORDERED** in Orlando, Florida on April 9, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE