**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARISOL GONZALES,**
               **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-1762-Orl-28UAM**

**HAIR CLUB FOR MEN, LTD., INC.,**
               **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS ACTION WITH PREJUDICE (Doc. No. 45)** |
| **FILED:** | September 6, 2007 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff, Marisol Gonzales, and Defendants, Hair Club for Men, Ltd., Inc. and Allison Basnight, jointly move the Court to approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA compliance, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client.

The settlement agreement resolves both the instant action and the action styled as *Gonzales v. Hair Club for Men, Ltd., Inc. et al.,* United States District Court Middle District of Florida, Case No. 6:07-cv-52-JA-KRS. Doc. 45-2. This second case was consolidated with the instant action and contained allegations of retaliation. Case No. 6:07-cv-52, Doc. 1; 17. The parties agree that Court approval of the settlement of retaliation claims is unnecessary and, therefore, they do not address these claims in their motion. Doc. 45 at 2 n.1. Because the parties used a single agreement for the two separate claims, however, the Court must determine the allocation of the settlement.

The settlement agreement provides payment to Gonzales of $3,350 for back wages, $3,350 for liquidated damages, and $11,300 for "intangible damages." Doc. 45-2. The Court assumes that the "intangible damage" payment is to settle the retaliation claim. The settlement agreement also provides for payment of $17,000 to Plaintiff's counsel for work on the two cases. Doc. 45-1-2. The parties agree that the fees and costs to be paid to Plaintiff's counsel are reasonable. Doc. 45 at ¶ 5. The Court finds that the payment to Gonzales of $6,700 for her FLSA wage claim and payment of her attorneys' fees and costs in exchange for Gonzales's release of claims and dismissal of the action with prejudice to be fair and reasonable.

The Court, therefore, **RECOMMENDS**, that:

1. The parties' joint motion be granted and the settlement be approved; and

2. The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 17, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable John Antoon II